IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **BRANDON CALLIER,** on behalf of himself and all others similarly situated, | § § § § | |
| Plaintiff | § § § | |
| *versus* | § § § | |
| **BRANCH & DHILLON, P.C.** a Texas Professional Corporation | § § § § | **Civil Action No. 3:24-CV-450** |
| Defendant, | § § | |
| And | § § | **DEMAND FOR JURY TRIAL** |
| **MFC SUPPORT LLC**, a Florida Limited Liability Company | § § § | **CLASS ACTION DEMAND** |
| Defendant, | § § § | |
| **Jane/John Doe** | § § | |
| Defendants. | § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

## INTRODUCTION

Plaintiff BRANDON CALLIER (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, brings this Complaint against Defendants BRANCH & DHILLON, P.C. (hereinafter "Dhillon"), MFC SUPPORT LLC (hereinafter "MFC") and Jane and John Doe, jointly and severally, to stop their illegal practice of placing, unsolicited telephone calls in violation of the Telephone Consumer Protection Act ("TCPA"), Texas Business and Commerce Code §302.101, and Texas Government Code § 82.0651.

Upon information and belief, Defendant Dhillon places through its third-party agents, Defendant MFC and Defendant Jane/John Doe, telephone solicitations to telephone numbers on the National Do-Not-Call Registry in order to secure clients for Defendant Dhillon.

Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigations conducted by his attorney.

## PARTIES

1. Plaintiff is an individual residing in or near El Paso, County Texas and was present for all causes of action complained of herein within El Paso, Texas.

2. Plaintiff may be served any relevant papers via email to his counsel Omar Darwich at omar@darwichlegal.com

3. Defendant Dhillon is a professional corporation organized and existing under the laws of Texas and can be served via its registered agent Amar Dhillon at 625 W. Main Street, Arlington, Texas 76010.

4.  Defendant MFC is a limited liability company organized and existing under the laws of Florida and can be served via its registered agent Mabel Flores at 1172 NW 86th Lane, Coral Springs, Florida 33071.

5.  Defendants Dhillon and MFC (collectively "Defendants").

## JURISDICTION AND VENUE

6.  This action is brought by Plaintiff pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

7.  This Court has jurisdiction over the subject matter of the claims under the TCPA pursuant to 47 U.S.C. § 227(g)(2). This Court further has jurisdiction over the subject matter of the claims under the TCPA pursuant to 27 U.S.C. § 1331.

8.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as the state law claims under the Texas Business and Commerce Code and the Texas Government Code form part of the same case or controversy as Plaintiff's claims under the TCPA.

9.  This Court has general personal jurisdiction over the Defendants as they, upon information and belief, authorized their agents to place calls on their behalf to Texas residents, derive or derived revenue from Texas residents, and sell goods and services to Texas residents and have otherwise availed themselves to the State of Texas.

10. Venue of this suit lies in the Western District of Texas, El Paso Division pursuant to 47 U.S.C. § 227(g)(4) because violations occurred within the Western District of Texas, as more specifically alleged below. Venue further lies in the Western District of Texas, El Paso Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of

events giving rise to the claim alleged herein occurred within the Western District of

Texas.

## FACTUAL ALLEGATIONS

11. Plaintiff's personal cell phone (XXX) XXX-4604 has been registered on the National Do-

Not-Call Registry since December 13, 2007.



Brandon Callier <callier74@gmail.com>

**National Do Not Call Registry - Your Registration Is Confirmed**
1 message

**Verify@donotcall.gov** <Verify@donotcall.gov>                Wed, Jan 27, 2021 at 8:26 PM
To: callier74@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 4604 on December 13, 2007. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov  to register another number or file a complaint against someone violating the Registry.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

12. Plaintiff has never instructed the National Do-Not-Call Registry administrator to remove

him from the National Do-Not-Call Registry. Plaintiff has been on the National Do-Not-

Call Registry at all times relevant to this Complaint.

13. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

14. Plaintiff is, and has been for more than fifteen years, the subscriber to and customary user

of cellular telephone number (XXX) XXX-4604.

15. Plaintiff's telephone number 4604 is a residential number.

16. Plaintiff's telephone number 4604 is used for personal purposes and is not associated

with business.

17.  Upon information and belief, Defendant Dhillon is a law firm based out of Arlington, Texas with its website https://www.dhillonlawfirm.com.

18.  Upon information and belief, Defendant MFC offers paralegal and lead generation services to attorneys and is based out of Coral Springs, Florida with its website https://mfc-support.com.

19.  Upon information and belief, Defendant Jane/John Doe offers lead generation to attorneys.

20.  Upon information and belief, as part of their marketing and efforts to generate clientele, Defendant Dhillon contracted with Defendant MFC and Defendant Jane/John Doe to make solicitation calls to potentially thousands of consumers' residential phone numbers on behalf of Defendant Dhillon.

21.  Communications concerning a lawyers services are, in part, dictated by Rule 7.01 of the Texas Rules of Professional Conduct.

22.  Rule 7.01 provides that a "solicitation communication" is a communication substantially motivated by pecuniary gain.

23.  Rule 7.03 of the Texas Rules of Professional Conduct prohibit certain forms of solicitation and other forms of communication.,

24.  Namely 7.03(b) states "a lawyer shall not solicit through in-person contact, or through regulated telephone, social media, or other electronic contact, professional employment from a non-client, unless the target of the solicitation is…."

25.  At no time relevant to this complaint did Plaintiff fall into an exception carved into 7.03(b).

26. 7.03(b)(c) states "A lawyer shall not send, deliver, or transmit, or knowingly permit or cause another person to send, deliver, or transmit, a communication that involves coercion, duress, overreaching, intimidation, or undue influence."

27. Upon information and belief, Defendant Dhillon contracted with Defendant MFC and Defendant Jane/John Doe to make solicitation phone calls on behalf of Dhillon because Defendant Dhillon is barred from making these calls themselves.

28. Upon information and belief, Defendant Dhillon knew or should have known that Defendant MFC and Defendant Jane/John Doe were making solicitation calls to secure clients on behalf of Defendant Dhillon.

29. Upon information and belief, Defendant Dhillon provides Defendant MFC and Defendant Jane/John Doe with specific qualifications a consumer must meet to qualify for Defendant Dhillon's services.

30. Upon information and belief, Defendant Dhillon authorizes Defendant MFC and Defendant Jane/John Doe to act as Dhillon's agent by instructing them with specific qualifications a consumer or client must meet to qualify for Defendant Dhillon's services and to send that consumer or potential client personal forms and engagement letters from Defendant Dhillon.

31. Upon information and belief, Defendant Dhillon pays Defendant MFC and Defendant Jane/John Doe for every new customer generated for Defendant Dhillon.

32. Upon information and belief, Defendant Dhillon willfully accepts new clients from Defendant MFC and Defendant Jane/John Doe that are generated through illegal telemarketing.

33. Plaintiff has never had any relationship with Defendants Dhillon nor has he ever been a client of any named Defendants.

34. Plaintiff never gave Defendants his prior express written consent to receive the alleged calls in this case.

35. On or around August 2024, Plaintiff began receiving unsolicited calls to his phone number ending in -4604 from Defendant MFC and or Defendant Jane/John Doe.

36. The alleged calls were sent to Plaintiff from spoofed Caller IDs on the following dates and times,

   1) August 8, 2024, at 9:08AM from Caller ID (209) 222-2346

   2) September 4, 2024, at 1:11 PM from Caller ID (209) 301-7458

   3) October 22, 2024, at 10:43 AM from Caller ID (209) 251-2447

37. When Plaintiff answered the alleged calls, Plaintiff was connected to agents and/or telemarketers asking Plaintiff if he had already collected his compensation for his auto accident.

38. Plaintiff did not recognize the sender of the calls.

39. Plaintiff has never been involved in auto accident.

40. The agents and/or telemarketers from of Defendant MFC and Defendant Jane/John Doe do not properly identify themselves and/or who they are calling on behalf of.

41. The alleged calls were all made to Plaintiff for the purpose of encouraging securing Plaintiff as a client.

42. Plaintiff engaged in the third alleged call on October 22, 2024, with the agent and/or telemarketer from Defendant MFC as it was the only way to identify who the alleged calls were being sent on behalf of.

43. The agent and/or telemarketer with Defendant MFC asked Plaintiff a series a qualifying questions.

44. Upon information and belief, these qualifying questions were provided by Defendant Dhillon to qualify Plaintiff for Defendant Dhillon's legal services.

45. Plaintiff was then live transferred to another agent and/or telemarketer with Defendant MFC.

46. Said agent asked Plaintiff more qualifying questions and solicited Plaintiff for Defendant Dhillon's legal services.

47. On the next day October 23, 2024, Plaintiff received an email from the owner of Defendant MFC, Mabel Flores from email mabelfloresconsulting@gmail.com that contained personal injury documents from Defendant Dhillon for Plaintiff to fill out.

48. The email Plaintiff received from Mabel Flores identified Defendants Dhillon and MFC.

49. Plaintiff has attached the received email below.



50. Said email identified Defendant Dhillon.

51. Upon information and belief, Defendants Dhillon, Defendant MFC and Defendant Jane/John Doe make substantial profit gains by receiving new customers that generate through illegal telemarketing.

52. Upon information and belief, Defendants Dhillon, MFC and Jane/John Doe employ outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

53. Upon information and belief, neither Defendants Dhillon, MFC or Jane/John Doe have a solicitation registration certificate on file with the Texas Secretary of State as required to make telephone solicitations to Texas residents either directly or through its agents.

54. Plaintiff is a Texas resident.

55. The https://direct.sos.state.tx.us/telephone/telephonesearch.asp site ("Texas Registration Database") does not contain either Defendants Dhillon or Defendant MFC's registration.

56. Neither Defendants Dhillon nor Defendant MFC qualify for an exemption under § 302.053.

57. Upon information and believe, Defendant's Jane/John Doe do not have a Texas solicitation registration either.

58. Plaintiff never provided his prior express written consent to receive any of the alleged calls.

59. Upon information and belief, the alleged calls were placed while knowingly ignoring the national do-not-call registry.

60. Upon information and belief, the alleged calls were placed without training their agents and/or telemarketers on the use of an internal do-not-call policy.

61. In short, the alleged calls invaded Plaintiff's privacy and caused a nuisance, an

annoyance, and an intrusion into Plaintiff's seclusion.

## BASIS FOR LIABILITY

62. Plaintiff realleges paragraphs one through sixty-one and incorporates them herein as if set forth here in full.

63. Even if Defendant Dhillon did not personally make the TCPA violating calls to Plaintiff, they are liable for the TCPA violations under the following theories of vicarious liability: Actual Authority, Apparent Authority, or Ratification.

## ACTUAL AUTHORITY

64. Plaintiff realleges paragraphs one through sixty-three and incorporates them herein as if set forth here in full.

65. Defendant Dhillon authorized and hired Defendant MFC and Defendant Jane/John Doe to generate prospective customers through illegal telemarketing calls.

66. Accordingly, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." See In re Rules & Regulations Implementing the TCPA, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995) (emphasis added).

67. In their January 4, 2008, ruling, the FCC reiterated that a company on whose behalf a telephone call is made bears the responsibility for any violations. *Id*. (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

68.  Defendant MFC solicited Plaintiff on behalf of Defendant Dhillon. Accordingly, Defendant MFC had Defendant Dhillon's actual authority to solicit Plaintiff through illegal telemarketing calls.

## APPARENT AUTHORITY

69.  Plaintiff realleges paragraphs one through sixty-eight and incorporates them herein as if set forth here in full.

70.  The May 2013 FCC Ruling further clarifies the circumstances under which a telemarketer has apparent authority:

[A]pparent authority may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information. The ability by the outside sales entity to enter consumer information into the seller's sales or customer systems, as well as the authority to use the seller's trade name, trademark and service mark may also be relevant. It may also be persuasive that the seller approved, wrote or reviewed the outside entity's telemarketing scripts. Finally, a seller would be responsible under the TCPA for the unauthorized conduct of a third-party telemarketer that is otherwise authorized to market on the seller's behalf if the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct. 28 CC Rcd at 6592 (¶ 46).

71.  Defendant Dhillon authorized Defendant MFC and Defendant Jane/John Doe to generate prospective business for them through illegal telemarketing.

72.   Defendant MFC called and solicited Plaintiff for Defendant Dhillon's legal representation. The integration of their sales efforts was so seamless that it appeared to Plaintiff that Defendant MFC and Defendant Dhillon all appeared to be acting together as the same company.

73. Consumers, including Plaintiff and members of the Class, reasonably believed and relied on the fact that Defendant MFC had received permission to sell, market, and solicit Defendant Dhillon's services.

74. As a direct and proximate result of Defendant MFC's illegal phone calls – which were made on behalf of and with the apparent authority of the other Defendant Dhillon, Plaintiff and Class members suffered actual damages, including their time to answer the violating calls, depleted battery life, wasted time, invasion of their privacy and the nuisance of receiving the calls.

## RATIFICATION

75. Plaintiff realleges paragraphs one through seventy-four and incorporates them herein as if set forth here in full.

76. Defendant Dhillon knowingly and actively accepted business that originated through the illegal calls placed by Defendant MFC and Defendant Jane/John Doe.

77. By accepting these contacts and executing contracts with the victims, Defendant MFC "manifest[ed] assent or otherwise consent[ed] . . . to act" on behalf of Defendant Dhillon, as described in the Restatement (Third) of Agency.

78. Defendant Dhillon received Plaintiff as a new customer and the possibility of new business.

79. Defendant Dhillon ratified Defendant MFC and Defendant Jane/John Doe's TCPA violations by knowingly accepting the benefits of new customers and revenue despite the fact that the sale was generated through illegal calling.

80. Defendant Dhillon further ratified Defendant MFC and Defendant Jane/John Doe's TCPA violations by being aware of the violations, being willfully ignorant of the violations or by being aware that such knowledge was lacking.

81. As a direct and proximate result of Defendant MFC's illegal phone calls, Plaintiff and the Class members suffered actual damages, including their wasted time to answer the violating calls, the monies paid to receive the calls, the depleted phone minutes available to them, invasion of their privacy and the nuisance of receiving the calls.

## CLASS ALLEGATIONS

82. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **TCPA Class**.  All persons in the United States who: (1) from the last 4 years to present (2) Defendants called (3) whose telephone numbers were registered on the Federal Do Not Call registry for more than 30 days at the time.

> **Texas Subclass**.  All persons in Texas who: (1) from the last 4 years to present (2) Defendants called (3) whose telephone numbers were registered on the Federal Do Not Call registry for more than 30 days at the time.

> **Texas 82.0651 Subclass**. All persons in Texas who: (1) was solicited by conduct violating Section 38.12(a) or (b) of the Texas Penal Code, or Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas, regarding barratry by attorneys or other persons, but who did not enter into a contract as a result of that conduct.

83. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

84. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but individual joinder is impracticable. On information and belief, Defendants have called hundreds if not thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

85. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited calls.

86. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

87. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

88. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a.   Whether the unsolicited calls were caused by the Defendants;

    b.   Whether the unsolicited calls promoted the Defendants' products or services;

    c.   Whether the Defendants checked the phone numbers to be called against the Federal Do Not Call registry;

    d.   Whether the Defendants obtained written express consent prior to sending the calls;

    e.   Whether the Defendants wrongly solicited Plaintiffs;

    f.   Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendants' conduct.

89. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## LOCAL RULES

90. Plaintiff, pursuant to local rules, shall move to certify this complaint as a Class Action.

91. Plaintiff will reidentify the classes, exclusions of the classes, numerosity, typicality, adequacy of representation, generality, commonality, predominance, and superiority in Plaintiffs 'Motion to Certify.

## INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF DEFENDANTS' ACTIONS

92. Plaintiff realleges paragraphs one through nighty-one and incorporates them herein as if set forth here in full.

93. The alleged calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

94. The alleged calls harmed Plaintiff by trespassing upon and interfering with his rights and interests in his cellular telephone.

95. The alleged calls harmed Plaintiff by intruding upon his seclusion.

96. Plaintiff has been harmed, injured, and damaged by the alleged calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

**First Cause of Action:**
**Violation of 47 U.S.C. § 227(c)**
**Do Not Call Provision**
**(On Behalf of All Class - Against All Defendants)**

97. Plaintiff realleges paragraphs one through nighty-six and incorporates them herein as if set forth here in full.

98.  The telephone numbers of Plaintiff and the Class are registered on the Do Not Call Registry.

99.  Defendants' agents placed unsolicited phone calls to Plaintiff and the Class members' DNC registered telephone without having their prior written consent to do so.

100. Defendants' actions agents constitute violations of 47 U.S.C. § 227(c) of the TCPA, by soliciting telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

101. Defendants' unsolicited phone calls were made for the commercial purpose of selling legal representation services.

102. As a result of its unlawful conduct, Defendants repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages.

103. Plaintiff and the Class are entitled to an award of at least $500 in damages for each such violation (47 U.S.C. § 227(c)(5)(B)) or $1,500 if the violation is knowing or willful. 47 U.S.C. § 227(c)(5).

104. Plaintiff and the Class also seek a permanent injunction prohibiting Defendants from making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry.

**Second Cause of Action:**
**Violations of The Texas Business and Commerce Code § 302.101**
**Failure to obtain a Telephone Solicitation Registration Certificate**
**(On behalf of Plaintiff and the Texas Subclass)**
**(Against All Defendants)**

105. Plaintiff realleges paragraphs one through one hundred and four and incorporates them herein as if set forth here in full.

106.  Defendants' illegal solicitation sales calls to Plaintiff and the putative classes without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.101.

107.  Upon information and belief, the actions of the Defendants also violated Texas Business and Commerce Code § 302.101 by placing solicitation phone calls through its agents to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

108.  A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such.

109.  Upon information and belief, Plaintiff sent a notice of violation and request for remedy under Texas Business and Commercial Code § 17.505(a).

110.  As a result of the Defendants' violations of Texas Business and Commerce Code § 302.101, Plaintiff and the putative class may and does seek damages of up to $5,000.00 for each violation. Texas Business and Commerce Code § 302.302(a).

111.  As a result of the Defendants violations of §302.101, Plaintiff and the putative class seek all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.


**Third Cause of Action:**
**Violation of 82.0651 Civil Liability for Prohibited Barratry**
**(On Behalf of Plaintiff and the Texas 82.0651 Subclass- Against Defendant Dhillon)**

112.  Plaintiff realleges paragraphs one through one hundred and eleven and incorporates them herein as if set forth here in full.

113. Barratry is the solicitation of employment to prosecute or defend a claim with the intent to obtain a personal benefit. *State Bar of Tex. V. Kilpatrick*, 874 S. W.2d 656, 658 n.2 (Tex.1994)

114. Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct, entitled "Prohibited Solicitations and Payments," also addresses barratry. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 7.03, *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. G, app. A.

115. Rule 7.03 provides, in relevant part, as follows:

(a) A lawyer shall not by in-person contact, or by regulated telephone or other electronic contact as defined in paragraph (f) seek professional employment concerning a matter arising out of a particular occurrence or event, or series of occurrences or events, from a prospective client or nonclient who has not sought the lawyer's advice regarding employment or with whom the lawyer has no family or past or present attorney-client relationship when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain....

As used in paragraph (a), "regulated telephone or other electronic contact" means any electronic communication initiated by a lawyer or by any person acting on behalf of a lawyer or law firm that will result in the person contacted communicating in a live, interactive manner with any other person by telephone or other electronic means. *Id.* R. 7.03(a), (f).

116. In 1989, the legislature provided a civil remedy for barratry by enacting Government Code Section 82.065.  *Neese v. Lyon,* 479 S.W.3d 368, 376 (Tex. App.-Dallas 2015, no pet.)

117. A person who was solicited by conduct violating Section 38.12(a) or (b), Penal Code, or Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas, regarding barratry by attorneys or other persons, but who did not enter into a contract as a result of that conduct, may file a civil action against any person who committed barratry. *See* Tex. Gov't Code §82.0651(c)

118. A lawyer shall not send, deliver, or transmit, or knowingly permit or cause another person to send, deliver, or transmit, a communication that involves coercion, duress, overreaching, intimidation, or undue influence. *Id* at (c).

119. At no time relevant was Plaintiff or members of the respective class considered an exception to the solicitation rules pursuant to Tex. R. Disc. Prof'l Con 7.03.

120. At no time relevant did Plaintiff or members of the respective class initiate communication with Defendant Dhillon.

121. Plaintiff and members of the respective class were targeted by Defendant Dhillon through Defendant Dhillon's over reaching advertising campaign that relied on mass calling telephone numbers.

122. Defendant Dhillon's actions of soliciting clients through hundreds if not thousands of cold calls, through Defendant MFC and Jane/John Doe, is by definition overreaching.

123. Defendant Dhillon's actions of soliciting clients through hundreds if not thousands of cold calls, through Defendant MFC and Jane/John Doe, is by definition exerting undue influence.

124. Defendant's conduct violated at least Section 38.12(b) of the Penal Code and Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct.

125. Plaintiff and members of the respective class were solicited by the Defendant so that the Defendant would benefit financially.

126. Defendant Dhillon knew or should have known that his authorization of Defendant MFC and Defendant Jane/John Doe to solicit clients was in violation of Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct and Section 38.12(b) of the Texas Penal Code.

127.  Pursuant to Tex. Gov't Code § 82.0651(d) a person prevailing under subsection (c) shall recover from each person who engaged in barratry: (1) a penalty in the amount of $10,000; (2) actual damages caused by the prohibited conduct; and (3) reasonable and necessary attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Brandon Callier, individually and on behalf of the Class prays for the following relief against the Defendants jointly and severally as follows:

A.  An order certifying the class (after Plaintiff files his Motion to Certify – pursuant to local rules);

B.  An order declaring that the Defendants actions, as set out above, violate 227(c) of the TCPA;

C.  An order declaring that the Defendants actions, as set out above, violate 227(c) willfully and knowingly;

D.  An award of $500.00 per call in statutory damages arising from the TCPA §227(c) for each unintentional violation to Plaintiff and to each member of the respective class;

E.  An award of $1,500.00 per call in statutory damages arising from the TCPA §227(c) for each intentional violation to Plaintiff and to each member of the respective class;

F.  An order declaring that the Defendants actions, as set out above, violate Texas Business and Commerce Code 302.101;

G.  An award of $5,000.00 per call in statutory damages arising from each violation of the Texas Business and Commerce Code § 302.101 to Plaintiff and to each member of the respective class;

H.  An order declaring that the Defendant Dhillon's actions, as set out above, violate Tex.

Gov't Code § 82.0651;

I.  An award of $10,000.00 from each person guilty of the offense of barratry to Plaintiff

and to each member of the respective class;

J.  An injunction requiring Defendants to cease sending all unlawful calls;

K.  An award of reasonable attorneys' fees and costs; and

L.  Such further relief as the Court deems necessary, just, and proper.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated this 19th day of December 2024.

Respectfully Submitted,

The Darwich Law Firm, LLC
  /s/ Omar Darwich/
Omar F. Darwich
Tx Bar No. 24124686
10921 Pellicano Dr, #100
El Paso, TX 79935

(915) 671-2221
omar@darwichlegal.com

**ATTORNEY FOR PLAINTIFF**

**VERIFICATION STATEMENT**

I, Brandon Callier, hereby state under oath that I am the Plaintiff in this dispute, that I have read the foregoing complaint, and that it is are true and accurate to the best of my knowledge and belief, except as to matters stated on information and belief, and that as to those matters I believe to be true.

I declare under penalty of perjury that the foregoing verification is true and correct to the best of my knowledge and belief, and as to any matter stated on belief, I believe such to be true.

Dated this 19th day of December 2024

/s/Brandon Callier/_____
Brandon Callier